EMELIA VEITKUNAS *vs.* J. M. MORRISON, et als.

Androscoggin.   Opinion December 14, 1915.

*Contract to labor and to give one week's notice of intention to quit.*
*Forfeiture.      Private and Special Laws of 1871, Chapter*
*636, Section 10.   Revised Statutes, Chapter 40,*
*Section 51.   The test of repeal by*
*implication.*

1.   In the construction of statutes, it is the obvious intent, rather than the literal import, which is to govern.

2.   The test of repeal by implication of an earlier statute by a later one is whether the latter is so directly and positively inconsistent with, and repugnant to, the former that the two cannot consistently stand together.

3.   The provisions of chapter 39, Laws of 1911, relating to weekly payment of wages, did not repeal or abrogate the provisions of section 51, chapter 40 'of the Revised Statutes, whereby an employee, having contracted to give one week's notice of intentions to leave, and leaving without notice, forfeited one week's wages.

4.   The provision in chapter 39, Laws of 1911, requiring that an employee leaving his employment shall be paid his wages in full on the following regular pay day relates to wages to which he is entitled, and not to those which he has forfeited.

On certificate from the Lewiston municipal court to the Chief Justice on agreed statement of facts.   Judgment for defendants.

This is an action by the plaintiff, an employee of the defendant, to recover pay for one week's labor, having left without giving one week's notice of her intention to leave, under the provisions of Revised Statutes, Chapter 40, Section 51. The case was entered in the Lewiston municipal court and certified to the Chief Justice under

the provisions of Private and Special Laws of 1871, Chapter 636, Section 10.

The case is stated in the opinion.

*J. O. Ross,* for plaintiff.

*Harry Manser,* for defendants.

SITTING:   SAVAGE, C. J., SPEAR, KING, BIRD, HANSON, PHILBROOK, JJ.

SAVAGE, C. J.   This case is certified from the Lewiston municipal court under the provisions of Private and Special Laws of 1871, Chapter 636, Section 10.

The plaintiff was an employee of the defendants in a manufacturing business, and had contracted with them to give one week's notice of her intention to quit her employment under a penalty of forfeiture of one week's wages.  She quit without giving notice, and without reasonable cause, and now brings this suit to recover her wages earned during her last week of service.

The defendants claim that the wages were forfeited by failure to give notice as required by the contract.  The contract was entered into under the following provision of Revised Statutes, Chapter 40, Section 51 ;  "Any person, firm or corporation engaged in any manufacturing or mechanical business may contract with adult or minor employees to give one week's notice of intention, on such employee's part, to quit such employment, under penalty of forfeiture of one week's wages."

The plaintiff contends that the foregoing provision of statute was impliedly repealed, and the contract made nugatory, by Chapter 39, Laws of 1911, which was in force when the wages sued for were earned.   That statute provides that every manufacturing corporation, or person or partnership engaged in any manufacturing business, "shall pay weekly each employee engaged in his or its business the wages earned by him to within eight days of the date of said payment, but any employee leaving his or her employment shall be paid in full on the following regular pay day."   The plaintiff's argument is that the last clause of the statute, requiring payment in full on the next pay day to employees leaving the employment, is inconsistent with the provision for forfeiture in the prior statute, and so repug-

nant to it as to show a legislative intent to repeal the forfeiture provision, impliedly, though not expressly. We do not think so.

"The test of repeal by implication," said the court in *Starbird* v. *Brown*, 84 Maine, 238, "is whether a subsequent legislative act is so directly and positively repugnant to the former act, that the two cannot consistently stand together. Is the repugnancy so great that the legislative intent to amend or repeal is evident? Can the new law and the old law be each efficacious in its own sphere?" Whether one statute is repugnant to another depends, of course, upon the proper construction to be given to it. And in the construction of statutes, it is the obvious intent, rather than the literal import, which is to govern. *Seiders* v. *Creamer*, 22 Maine, 558; In re Penobscot Lumbering Asso., 93 Maine, 391. The letter may be departed from in order to reach the spirit and intent of the act. *Holmes* v. *Paris*, 75 Maine, 559. And in some cases, so it is held, the court may construe a statute even in direct contravention of its terms.

In the light of these rules of construction, we think that Chapter 39 of the Laws of 1911 is not necessarily inconsistent with, and repugnant to, the forfeiture clause in Chapter 40, Section 51, of the Revised Statutes. It is obvious that the apparent purposes of the two statutes are unlike. They do not touch each other. Though both relate to wages, they relate to entirely distinctive features of the wage question. The earlier statute, which includes also a provision requiring an employer, having a forfeiture contract with his employee, to pay him an extra week's wages, if he discharges him without notice, is evidently intended to prevent the injurious consequences which might result to the one or the other, if the employer discharged the servant, or the servant left the employer, without notice. It has nothing to do with the time of the payment of wages. On the other hand the Act of 1911 relates solely to the time of payment. It entitles every employee to payment weekly, and to payment of all wages earned up to within eight days of the time of payment. But the statute further provides that if the servant leaves he need not wait for his pay for the last eight days' work until the next pay day, or until eight days have elapsed, but that he is entitled to his pay in full on leaving. That is the significance of the clause in question. It assumes that the employee leaves rightfully. He is entitled at once on leaving to payment in full of the wages that are

due him, but not, we think, to wages he has forfeited. If he has not contracted to give notice of leaving, or if he has so contracted and has given notice, he is entitled to all his unpaid wages at once. If he has so contracted but has failed to give notice of leaving, and has left without cause, nothing is due him. And in such case the Act of 1911 does not apply. Thus construed, the later statute is not repugnant to the former.

The further provision in the Act of 1911 that "no corporation, contractor, person or partnership shall by a special contract with an employee or by any other means exempt himself or itself from the provisions of this act," relates only to the weekly payment of wages to which the employee is entitled. , It follows that this action is not maintainable.

*Judgment for the defendants.*